STATE, EX REL. ANDERSON, JR., RELATOR-APPELLEE, *v.* DUFFY ET, RESPONDENTS-APPELLEES, AND DORSEY, RESPONDENT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26178. Decided September 7, 1962.

*Messrs. Falsgraf, Kundtz, Reidy & Shoup, Mr. Robert J. Shoup*, for relator-appellee.

*Mr. Richard B. Kay, Mr. Charles R. Miller, Messrs. Rudd, Ober & Miller,* for respondent-appellant.

*Mr. Joseph H. Crowley,* chief counsel, and *Mr. Daniel J. O'Loughlin,* assistant director of law, for respondent-appellee, City of Cleveland.

*Mr. John T. Corrigan,* prosecuting attorney, *Mr. A. M. Braun* and *Mr. Joseph Zingales,* assistant prosecuting attorneys, for respondents-appellees, Board of Elections.

(HUNSICKER, J., of the Ninth Appellate District, sitting by designation in the Eighth District in place of SKEEL, J.)

*Per Curiam:* On July 27, 1962, the office of Mayor of the City of Cleveland became vacant by reason of the resignation of the incumbent, Anthony J. Celebrezze. The fact of such **vacancy** gives rise to the present action which is now lodged in this court as an appeal on questions of law from a judgment of the Court of Common Pleas of Cuyahoga County, Ohio.

The action as begun in the trial court sought a declaration from that court as to the manner and method by which the vacancy in the office of mayor is to be filled. The petition was filed on relation of Gerard A. Anderson, a taxpayer, elector and resident of the City of Cleveland. The respondents are the members of the Board of Elections of Cuyahoga County, one Patricia A. Dorsey, a taxpayer, elector and resident of the City of Cleveland, and the City of Cleveland. The last two named respondents were made so by order of the trial court. Patricia A. Dorsey is the appellant herein. The City of Cleveland did not prosecute an appeal although it presented oral argument. The appellees are the taxpayer relator and the members of the Board of Elections.

A narrative bill of exceptions approved by all counsel of record, as provided by Section 2321.12, Revised Code, has been filed herein within the time provided by law.

The City of Cleveland, in November, 1931, revised its charter. Such revision, among other things, provided the manner and method of election of its mayor and its members of City Council. The election to these offices was, by Section 4 of such revised charter, to be by a nonpartisan ballot. The way by which a vacancy to the office of mayor was to be filled, if such vacancy "is more than one year before the next regular municipal election," was provided for by Section 73 of the charter. This section calls for a special nonpartisan primary election to be held on the first Tuesday after sixty days from the day on which said vacancy first occurs, to be followed by a "final special municipal election" on the fifth Tuesday following "the said non-partisan primary election" to determine which one of the two top men chosen in the non-partisan primary election is to be mayor.

In 1958 and again in 1960, Section 4 of the City Charter was amended. These amendments provided for a partisan mayoralty election but retained the provision for a nonpartisan election for members of the City Council. No change was made in Section 73.

Three declarations are possible herein. One declaration is to hold that, since Section 73 was not amended and standing alone does not provide a complete method of preparing and filing a nomination petition, no election to fill a vacancy can be held. A second declaration is to require a nonpartisan election as earlier called for before the amendments of 1958 and 1960. Such declaration would compel us to accept as still operative the earlier charter provisions before the 1958 and 1960 amendments. The third declaration is to state that, when Section 4 of the charter was amended to provide for a mayor to be regularly elected by a partisan vote after nomination by partisan supporters, such partisan character also applies to the filling of a vacancy for the office of mayor under Section 73.

The only way a candidate can get on the primary ballot whether partisan or nonpartisan is by means of a declaration of candidacy with which there is submitted a petition signed by the required number of electors. Under the charter as it now exists, a petition for mayor must be signed by at least 3000 electors of the City of Cleveland who are members of his po-

litical party (section 4 of the Charter), thus making it a purely partisan affair. An independent candidate for mayor does not run at the primary and his name can be submitted to the voters at the General Election only, if he presents a petition with qualified names representing in number seven per cent of those who voted for governor in the last gubernatorial election at least ten days before the primary election.

To declare that Section 73 is inoperative, and that, as a consequence an election of a mayor at this time cannot be held, would nullify the plain intent of the electors of Cleveland, as clearly expressed in such section. This section has been determined to be a valid and constitutional provision of the charter of the City of Cleveland. *Jones* v. *Cleveland*, 124 Ohio St., 544.

The second declaration, supra, which is urged by the respondent appellant herein, would compel reliance upon sections of the charter which no longer exist, they having been repealed by amendment. In addition thereto, to justify this second solution would require us to ignore the partisan provision of Section 4 presently in effect. The respondent appellant insists that a nonpartisan primary could be held by candidates filing, along with their declaration of candidacy, a petition bearing the signatures of 3000 electors regardless of party affiliation. Such hybrid procedure finds no sanction in law.

It seems to us that the third declaration, supra, is the rational and logical solution of the problem presented herein.

Section 3 provides for the time when regular municipal elections shall be held and sets out that other elections shall be held as required by law or as provided for in the charter. Section 4 provides for the manner by which candidates for the office of mayor are to be nominated. The principal requirement of this section, for other than an independent candidate, is that a candidate be nominated at a partisan primary including the number of partisan electors who must sign the petition filed with the declaration of candidacy.

When the electors of the City of Cleveland on two separate occasions voted to amend Section 4, they, by their mandate, required that the mayor of the city be thereafter nominated only by partisan supporters with definite party affiliation.

Section 73 requires, under the circumstances we have in the instant case, that a new mayor be elected to fill the unexpired

term by means of "special municipal elections," and fixes the dates, with relation to the vacancy, on which these "special municipal elections" are to be held. It also provides that "all the provisions in the charter contained as to nomination and election of candidates for mayor at *regular municipal elections* shall apply to the *special municipal elections.*" (Emphasis added.) It is clear from such language that the character of these "special municipal elections" is determined from the section dealing with the nomination and election of a mayor at "regular municipal elections," which is Section 4. Thus it is manifest that the expression, "the non-partisan primary election" in Section 73 is no more than a reference to a primary election designated in Section 4. The expression, "the non-partisan primary election," in Section 73, though not amended in 1958 or 1960, is not substantive in character and does not change the type of primary election as now provided for in Section 4.

The Charter says with respect to elections that where there is no provision expressed therein, the general law of the State of Ohio shall apply.

By reaching our conclusion herein, we find that the Charter of the City of Cleveland, along with the general election laws, constitutes a harmonious document which carries into effect the clearly expressed wishes of the electors of Cleveland in the nomination and election of its mayor.

We therefore determine that the judgment of the trial court must be affirmed.

Judgment affirmed. Exceptions. Order see jorunal.

Kovachy, P. J., Hurd and Hunsicker, JJ., concur.